Gary A. Zipkin, Esq.
Christina A. Rankin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail:      gzipkin@guessrudd.com
              crankin@guessrudd.com

Attorneys for GEM

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA MUNICIPAL LEAGUE ) <br> JOINT INSURANCE ASSOCIATION, ) <br> INC., ) <br> ) <br>         Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GOVERNMENT ENTITIES MUTUAL, ) <br> INC., ) <br> ) <br>         Defendant. ) <br> _____) | United States District Court No. <br> Case No. 3:15-cv-_____ <br><br> Superior Court Case No. <br> Case No. 3AN-15-09692 CI |

## NOTICE OF REMOVAL

To:    ALASKA MUNICIPAL LEAGUE JOINT INSURANCE ASSOCIATION, INC.
        c/o Barry J. Kell, Esq.
        Kell & Associates, P.C.
        807 G Street, Suite 240
        Anchorage, AK  99501

Pursuant to 28 U.S.C. §§§ 1332, 1441 and 1446, Government Entities

Mutual, Inc. ("GEM"), by and through its attorneys, Guess & Rudd P.C., hereby removes

to this court the state court action described below.

## 1.     Introduction

On September 17, 2015, plaintiff Alaska Municipal League Joint Insurance

Association, Inc. ("AMLJIA") filed a suit against defendant in the Superior Court for the

Third Judicial District at Anchorage, Alaska, entitled Alaska Municipal League Joint

Insurance Association, Inc., Plaintiff v. Government Entities Mutual, Inc., Defendant,

Case No. 3AN-15-09692 CI (hereinafter "the Complaint").  AMLJIA asserts in its

Complaint that it is a non-profit corporation organized and existing under the laws of the

State of Alaska, with its principal place of business in the State of Alaska.

The Complaint alleges, among other things, that defendant is estopped from

denying coverage to plaintiff, defendant waived any and all defenses it may have had to

coverage in favor of plaintiff, defendant breached the contract between the parties, and

acted in bad faith.[1]  Plaintiff requested for a judgment against the defendant, including an

award for punitive and/or exemplary damages, for an amount greater than $100,000.00

plus interest, costs, and attorney fees.[2]

---

[1] See Exhibit A, Complaint ¶ 30, 35, 39, 43.

[2] Id. at p. 4.

Case 3:15-cv-00203-TMB   Document 1   Filed 10/20/15   Page 2 of 5

This court has jurisdiction pursuant to 28 U.S.C. § 1446; defendant has attached as Exhibit A a copy of the Complaint.[3] This Notice of Removal is filed within the allotted time for removal. The defendant was provided a courtesy copy of the Complaint on September 18, 2015 – this notice of removal is filed within the 30-day window provided under 28 U.S.C. § 1446(b).

Defendant has, simultaneously with this filing, also filed its Notice of Removal in the Superior Court of the Third Judicial District at Anchorage.

2.      Argument

A.      The amount in controversy exceeds $75,000

The Complaint seeks compensatory and punitive damages in an amount in excess of $75,000. Where a complaint sets forth a specific amount of damages in excess of the jurisdictional amount, then the plaintiff's allegations are controlling.[4] "The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract."[5] Plaintiff's Complaint has specified an amount of

---

[3] However, nothing in this Notice of Removal in any way waives GEM's right to move to dismiss this case in favor of arbitration under the terms of the policy.

[4] See Sanchez v. Monumental Life ins. Co., 102 F.3d 398, 402 (9th Cir. 1996)("the sum claimed by the plaintiff controls if the claim is apparently made in good faith") (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938)).

[5] Kroske v. U.S. Bank Corp. 432 F.3d 976, 978 (9th Cir. 2005) citing Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155–56 (9th Cir.1998).

damages in excess of $75,000 -- specifically asking for "an amount in excess of $100,000." The requisite amount in controversy is satisfied.

      B.    <u>Complete diversity exists as between AMLJIA and GEM</u>

There exists complete diversity of citizenship between the parties. AMLJIA is a corporation organized and existing under the laws of the State of Alaska, with its principal place of business in the State of Alaska.[6] GEM is domiciled in the District of Columbia.[7] Therefore, there is complete diversity as between AMLJIA and GEM, in accordance with 28 U.S.C. § 1332(c)(1).

      3.    <u>Conclusion</u>

The substantive requirements for diversity jurisdiction have been fully satisfied. The amount in controversy in this lawsuit exceeds the jurisdictional requirement of $75,000 exclusive of interests and costs and there is complete diversity of citizenship as between AMLJIA and GEM. Therefore, GEM requests that this court assume full jurisdiction over this lawsuit.

---

[6] <u>See</u> Complaint at ¶ 1.

[7] <u>Id</u>., at ¶¶ 2-5.

DATED at Anchorage, Alaska, this 19th day of October, 2015.

GUESS & RUDD P.C.
Attorneys for Government Entities Mutual, Inc.

By:____/s/ Gary A. Zipkin_____
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
Phone: (907) 793-2200
Fax: (907) 793-2299
E-mail: gzipkin@guessrudd.com
Alaska Bar No. 7505048

CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of
October, 2015, I mailed a true and correct copy
of the foregoing document to:

Barry J. Kell, Esq.
Kell & Associates, P.C.
807 G Street, Suite 240
Anchorage, AK 99501

Guess & Rudd P.C.

By:_____/s/ Gary A. Zipkin_____
F:\DATA\6460\1\Pleadings\02 Notice of Removal (USDC).doc