Gary A. Zipkin, Esq.
Christina A. Rankin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail: gzipkin@guessrudd.com
crankin@guessrudd.com

Attorneys for Government Entities Mutual, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA MUNICIPAL LEAGUE JOINT INSURANCE ASSOCIATION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GOVERNMENT ENTITIES MUTUAL, INC., <br><br> Defendant. | Case No. 3:15-cv-00203-TMB |

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS AND TO ENFORCE
CONTRACTUAL DISPUTE RESOLUTION PROCEDURE

The Alaska Municipal League Joint Insurance Association, Inc.

("AMLJIA") filed this action in violation of the Dispute Resolution procedure

contractually agreed between AMLJIA and Government Entities Mutual, Inc. ("GEM")

Memorandum In Support of Motion to Dismiss
AMLJIA v. GEM, Case No. 3:15-cv-00203-TMB
Page 1 of 9
Case 3:15-cv-00203-TMB   Document 11   Filed 12/23/15   Page 1 of 9

and contained in the parties' Member Reinsurance Agreement. The Agreement expressly requires that disputes between the parties be resolved through a specific protocol which includes <u>either</u> an appeal to GEM's Board of Directors <u>or</u> binding arbitration to a neutral panel. AMLJIA failed to follow the mandated protocol within the required timeframe. As such, the court should dismiss this action and require AMLJIA to initiate an appeal or arbitration, pursuant to the contract, and allow the arbitrators or Board to determine if the claim is time-barred. Furthermore, because the Dispute Resolution provision is clear and controlling, the court should award GEM the attorney's fees and costs incurred in filing its motion.

    A.    <u>Background</u>

GEM issued a Member Reinsurance Agreement 2010-2011 to AMLJIA (Agreement Number GEM-3004-A1001), effective July 1, 2010. The Member Reinsurance Agreement provided reinsurance for Workers' Compensation and Employer's Liability.[1] Section I of the Member Reinsurance Agreement -- Dispute Resolution -- provides, in pertinent part, as follows:

> GEM's President shall decide all questions arising out of the provisions of this Reinsurance Agreement or concerning its interpretation, validity, or application, whether arising before or after termination of this Agreement.
>
> Should the Member Insured dispute the President's decision arising out of or relating to this Agreement, including its formation and validity, the Member Insured may appeal the

---

[1] Exhibit A, Member Reinsurance Agreement 2010-2011, Part One.

Memorandum In Support of Motion to Dismiss
AMLJIA v. GEM, Case No. 3:15-cv-00203-TMB
Page 2 of 9
Case 3:15-cv-00203-TMB   Document 11   Filed 12/23/15   Page 2 of 9

President's decision to the GEM Board of Directors or, alternatively, choose binding arbitration of the matter. . .

\* \* \*

An appeal to the Board of Directors must be initiated by written notification to the Chairman of the GEM Board of Directors from the Designated Member Representative no later than sixty (60) calendar days after receipt of the written notification of the President's decision to the Member Insured that creates the dispute. The notification shall be accompanied by a release executed by the Designated Member Representative confirming that the Member Insured agrees that it will be bound by the Board of Directors' decision, which is final and binding, not subject to appeal in any forum.

\* \* \*

A Member Insured demanding arbitration shall notify the Chairman of the GEM Board of Directors in writing of its demand for arbitration of the matter no later than sixty (60) calendar days after receipt of the written notification of the President's decision to the Member Insured that creates the dispute.

\* \* \*

Judgment upon the arbitration award may be entered in any court of competent jurisdiction. The decision rendered by the arbitration panel shall be a complete defense to any attempted appeal or litigation of such decision in the absence of fraud or collusion.[2]

As AMLJIA has alleged in its Complaint, in response to a request for reimbursement, GEM's President rejected that request in a letter received by AMLJIA on July 21, 2015. Sixty calendar days after July 21, 2015 was September 19, 2015. However, AMLJIA neither appealed to the Board of Directors nor demanded arbitration by September 19, 2015. Instead, on September 16, 2015, AMLJIA initiated this action

---

[2] Id., Part Two, p. 7-8.

Memorandum In Support of Motion to Dismiss
AMLJIA v. GEM, Case No. 3:15-cv-00203-TMB
Page 3 of 9
Case 3:15-cv-00203-TMB   Document 11   Filed 12/23/15   Page 3 of 9

against GEM, in violation of the binding Dispute Resolution provision in the Member Reinsurance Agreement.[3]

B. <u>Standard of Review</u>

Under both Alaska Civil Rule 12(b)(6) and FRCP 12(b)(6), a Complaint may be dismissed when a party fails "to state a claim upon which relief can be granted."

If, in a motion to dismiss under Rule 12(b)(6), matters <u>outside</u> the pleadings are reviewed by the court, the motion "shall be treated as one for summary judgment" under Rule 56. However, here, AMLJIA attached a copy of the Member Reinsurance Agreement to its Complaint. Therefore, the court need not convert this motion to one for summary judgment.

C. <u>Argument</u>

The Federal Arbitration Act (FAA) and Alaska's Uniform and Revised Uniform Arbitration Act both reflect "a strong policy in favor of the arbitration of disputes."[4] Under Alaska law, an agreement to arbitrate a controversy is "valid, enforceable, and irrevocable" in the absence of fraud or some other ground that exists in law or equity for the revocation of a contract.[5] This policy is also reflected in the Local

---

[3] Exhibit B, Complaint.

[4] <u>Geotek Alaska, Inc. v. Jacobs Eng'g Grp., Inc.</u>, 354 P.3d 368, 372 (Alaska 2015)

[5] AS 09.43.330; see also <u>Gilbert v. Sperbeck</u>, 126 P.3d 1057, 1060 (Alaska 2005) ("Alaska favors arbitration[.]"); <u>Consolidated Pac. Engineering, Inc. v. Greater Anchorage Area Borough</u>, 563 P.2d 252, 254 (Alaska 1977) ("We have made clear in the past that the public policy of Alaska strongly favors arbitration.").

Memorandum In Support of Motion to Dismiss
AMLJIA v. GEM, Case No. 3:15-cv-00203-TMB
Page 4 of 9
Case 3:15-cv-00203-TMB   Document 11   Filed 12/23/15   Page 4 of 9

Rules of this Court, which expressly includes a "Policy Favoring Settlement by ADR Methods."[6]

FAA §2 states that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as existed at law or in equity for the revocation of any contract."[7] The FAA also provides, in pertinent part, as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, <u>the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement</u>, providing the applicant for the stay is not in default in proceeding with such arbitration.[8]

Similarly, the Alaska Arbitration Act, states in pertinent part, as follows:

> **Arbitration agreements valid; application of article.** A written agreement to submit an existing controversy to arbitration or a provision in a written contract to submit to arbitration a subsequent controversy between the parties is valid, enforceable, and irrevocable, except upon grounds that exist at law or in equity for the revocation of a contract. . .[9]

---

[6] Local Civil Rule 16.2(a). "Other Alternative Dispute Resolution (ADR) processes may be used where agreed by the parties . . . including . . . arbitration." Local Civil Rule 16.2(a)(2)[A].

[7] 9 USC §2

[8] 9 U.S.C. § 3 (emphasis added).

[9] AS 09.43.010.

Memorandum In Support of Motion to Dismiss
AMLJIA v. GEM, Case No. 3:15-cv-00203-TMB
Page 5 of 9
Case 3:15-cv-00203-TMB   Document 11   Filed 12/23/15   Page 5 of 9

Pursuant to the Dispute Resolution provision contained in the Member Reinsurance Agreement, this action must be dismissed in favor of AMLJIA's right to initiate an appeal to GEM's Board of Directors or to request arbitration. AMLJIA's Complaint is based on a disagreement between the parties "arising out of the provisions of [the] Reinsurance Agreement or concerning its interpretation, validity, or application." By having its representative sign the Reinsurance Agreement, AMLJIA contractually agreed that it would submit any such dispute to the President of GEM and that any dispute with the President's decision may be appealed to the Board of Directors, or through binding arbitration, within sixty days.[10]

It is well-settled that courts are required to compel arbitration if (1) the parties are bound by a valid arbitration agreement and (2) the particular controversy between the parties is within the scope of the agreement.[11] In Jarvis v. Aetna Cas. and Sur. Co., the Alaska Supreme Court explained that courts interpret the terms of insurance

---

[10] By requesting that the Dispute Resolution provision be enforced, GEM is in no way waiving its right to argue that AMLJIA's claims are barred because they were not brought within the timeframe set forth in the contract. However, pursuant to applicable case law, GEM believes that the issue of timeliness under the Dispute Resolution protocol should be addressed by the arbitration panel, not this court. See Smith Barney, Inc. v. Bardolph, 131 N.C. App. 810, 813, 509 S.E.2d 255, 257 (1998) "The First, Second, Fifth, Eighth, and Ninth Circuits have generally found questions of mere delay, laches, statute of limitations, and untimeliness to be issues reserved for resolution by arbitrators, not courts" citing O'Neel v. National Ass'n of Securities Dealers, 667 F.2d 804 (9th Cir.1982) (the validity of time-barred defenses to enforcement of arbitration agreements should be determined by arbitrators rather than by the courts). However, because it is clear that AMLJIA missed the 60-day deadline, if this court is so inclined, GEM believes dismissing this claim with prejudice would also be appropriate.

[11] Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84, 123 S. Ct. 588 (2002).

Memorandum In Support of Motion to Dismiss
AMLJIA v. GEM, Case No. 3:15-cv-00203-TMB
Page 6 of 9

policies in their ordinary and popular sense, as they would be read and understood by a person of average intelligence and experience.[12] By its plain terms, the Member Reinsurance Agreement's Dispute Resolution provision embraces "all questions arising out of the provisions of this Reinsurance Agreement or concerning its interpretation, validity, or application."[13] This provision therefore encompasses the allegations contained in AMLJIA's Complaint and, pursuant to Howsam and Jarvis, the Dispute Resolution provision applies.

The Sixth Circuit, in Masco Corp. v. Zurich American Insurance Co., reversed a district court's decision in which the district court had refused to give effect to a similarly broad Dispute Resolution provision.[14] The Dispute Resolution provision in that case stated that "'[a]ny dispute arising out of the interpretation, performance or alleged breach of this agreement, shall be submitted to arbitration' . . ."[15]

Relying on the Federal Arbitration Act, the court held that, when an "arbitration clause is broad, 'only an express provision excluding a specific dispute, or 'the most forceful evidence of a purpose to exclude the claim from arbitration,' will remove

---

[12] 633 P.2d 1359, 1363 (Alaska 1981).

[13] Exhibit A, p. 7.

[14] 382 F.3d 624, 625 (6th Cir. 2004).

[15] Id.

Memorandum In Support of Motion to Dismiss
AMLJIA v. GEM, Case No. 3:15-cv-00203-TMB
Page 7 of 9
Case 3:15-cv-00203-TMB   Document 11   Filed 12/23/15   Page 7 of 9

the dispute from consideration of the arbitors.'"[16] The court determined that the Dispute Resolution provision was "patently broad enough to cover the dispute" because it encompassed "any dispute out of the interpretation, performance or alleged breach."[17] The Dispute Resolution provision here is similarly broad, encompassing any "questions arising out of the provisions of [the] Reinsurance Agreement or concerning its interpretation, validity, or application." Moreover, there is no evidence that the types of claims brought by plaintiff were intended by the parties to be excluded from application of the Dispute Resolution provision.

## CONCLUSION

There is a strong presumption in favor of enforcement of freely negotiated Dispute Resolution provisions. AMLJIA entered into a Reinsurance Agreement with GEM wherein it contractually agreed that it would submit any "questions arising out of the provisions of [the] Reinsurance Agreement or concerning its interpretation, validity, or application" to the President of GEM, and that any dispute with the President's decision may thereafter be appealed to the Board of Directors, or resolved through binding arbitration. Therefore, AMLJIA's claim must be dismissed in favor of the Dispute Resolution procedure contractually agreed upon. Furthermore, because the

---

[16] Id. at 627 (citing Highlands Wellmont Health Network, Inc. v. John Deer Health Plan, Inc., 350 F.3d 568, 576-77 (6th Cir. 2003)).

[17] Id.

Memorandum In Support of Motion to Dismiss
AMLJIA v. GEM, Case No. 3:15-cv-00203-TMB
Page 8 of 9
Case 3:15-cv-00203-TMB   Document 11   Filed 12/23/15   Page 8 of 9

contract's Dispute Resolution provision is clear and enforceable, the court should award GEM the attorney's fees and costs incurred in filing its motion.

DATED at Anchorage, Alaska, this 23rd day of December, 2015.

GUESS & RUDD P.C.
Attorneys for Government Entities Mutual, Inc.


By: /s Gary A. Zipkin
Gary A. Zipkin, AK Bar No. 7505048
Christina A. Rankin, AK Bar No. 0306034
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
Phone: (907) 793-2200
Fax: (907) 793-2299
E-mail: gzipkin@guessrudd.com
E-mail: crankin@guessrudd.com


CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of
December, 2015, I mailed a true and correct copy
of the foregoing document to:

Barry J. Kell, Esq.
Kell & Associates, P.C.
807 G Street, Suite 240
Anchorage, AK 99501

Guess & Rudd P.C.


By: /s/ Gary A. Zipkin
F:\DATA\6460\1\Pleadings\08 Memo Motion to Dismiss.doc

Memorandum In Support of Motion to Dismiss
AMLJIA v. GEM, Case No. 3:15-cv-00203-TMB
Page 9 of 9

Case 3:15-cv-00203-TMB   Document 11   Filed 12/23/15   Page 9 of 9